IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID GERALD PETRUS, | § | |
|     TDCJ-CID NO. 611071, | § | |
| | § | |
| v. | § | C.A. NO. C-06-140 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     DIRECTOR, TDCJ-CID. | § | |

## MEMORANDUM AND RECOMMENDATION ON
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## AND PETITIONER'S MOTION FOR EVIDENTIARY HEARING

Petitioner is an inmate in the Texas Department of Criminal Justice,
Correctional Institutions Division, and currently is incarcerated at the Wynne Unit
in Huntsville, Texas.  Proceeding pro se, petitioner filed this habeas corpus petition
pursuant to 28 U.S.C. § 2254 on February 24, 2006.  (D.E. 1, at 12).  Respondent
filed an answer on June 5, 2006.  (D.E. 11).  On November 20, 2006, respondent
filed a motion for summary judgment arguing that petitioner has failed to
demonstrate that he is entitled to habeas relief.  (D.E. 18, at 1).  Petitioner filed a
response on December 12, 2006, which contains a request for an evidentiary
hearing.  (D.E. 23, at 2, 8).  For the reasons stated herein, it is respectfully
recommended that respondent's motion for summary judgment be granted and
plaintiff's motion for an evidentiary hearing denied.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 36th Judicial District Court in San Patricio County, Texas, and therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment of the 36th Judicial District Court of San Patricio County, Texas, in cause number 8168, styled The State of Texas v. David G. Petrus.  Ex parte Petrus, App. No. WR-46,893-01, at 45.  In October 1991, pursuant to a plea bargain agreement, petitioner pleaded nolo contendere to aggravated sexual assault and indecency with a child.  Id.  He also pleaded true to an enhancement for prior convictions.  Id.  On December 2, 1991, the court found him guilty and sentenced him to twenty years in prison.  Id. at 46.

Petitioner did not appeal his conviction.  (D.E. 1, at 3).  On May 16, 2005, he filed a state application for writ of habeas corpus to challenge the same parole decision that he is challenging by this petition.  Ex parte Petrus, App. No. WR-

2

49,893-03, at 2.  He alleged that the plea bargain agreement was breached when his parole was denied, based in part on an affirmative finding regarding the use of a weapon.  Id. at 7.  The state court denied his application without written order on September 21, 2005.  Id. at cover.  On February 24, 2006, he filed a petition for writ of habeas corpus with this Court, again claiming that he is being held unconstitutionally because the state breached the plea bargain agreement by denying him parole because of an affirmative finding on the use of a weapon.  (D.E. 1, at 9-12).  He alleges that, pursuant to the plea agreement, the state deleted an affirmative finding regarding the use of a weapon.  Id. at 9-10 .

### III.  EXHAUSTION OF STATE REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not dispute that petitioner exhausted his state court remedies before filing this petition.  (D.E. 18, at 3).

# IV.  STANDARD OF REVIEW

**A.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is applicable to habeas petitions filed after its effective date, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also 28 U.S.C. § 2254(d)(1); Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at 694 (citing Williams, 529 U.S. at 404-05).  The Bell Court explained:

> A federal court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially

4

> indistinguishable facts.  The court may grant relief under
> the "unreasonable application" clause if the state court
> correctly identifies the governing legal principles but
> unreasonably applies it to the facts of the particular case.
> The focus of the latter inquiry is on whether the state
> court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an
> incorrect one.

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas

corpus merely on the finding of an error by a state court, but rather only where a

"state court arrives at a conclusion opposite to that reached by [the Supreme Court]

on a question of law or if the state court decides a case differently than [the

Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson,

210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to

review only a state court's decision, and not the written opinion explaining its

decision.  Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state

court's "ultimate decision" is to be tested for reasonableness, "not every jot of its

reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore,

a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so

long as neither the reasoning nor the result of the state-court decision contradicts

them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537

U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [that court] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998).  The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief. See Morrow, 367 F.3d at 315.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not

6

have been full or fair." Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th

Cir. 2001)).  The presumption of correctness also applies to mixed questions of law

and fact.  Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only

applies to explicit findings of fact, but it also applies to those unarticulated findings

which are necessary to the state court's conclusions of mixed law and fact.")

(citations omitted).  Findings of fact may be implied from conclusions of law.  See

Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

      Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate when there is no disputed issue of material fact, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court

must consider the record as a whole by reviewing all pleadings, depositions,

affidavits, and admissions on file, and by drawing all reasonable inferences in

favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

      The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## V.  DISCUSSION

**A.     Application of AEDPA's Deference.**

The Texas courts have already considered and rejected petitioner's claim. Ex parte Petrus, App. No. WR-46,893-03, at cover.  The claim that petitioner is pursuing in this petition was raised in his state habeas corpus application.  Id. at 2-15; (D.E. 1, at 9-10).  The Texas Court of Criminal Appeals denied his state habeas application without written order.  Id. at cover.  This denial of petitioner's application, even though it does not contain a written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication of his claim was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

9

**B.      Petitioner Fails to Establish a Protected Liberty Interest in Parole.**

The Fifth Circuit has determined that "there is no constitutional expectancy of parole in Texas." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); accord Green v. Johnson, 160 F.3d 1029, 1044 (5th Cir. 1998) ("Texas law does not confer a fundamental right to parole.") (citing Madison). Indeed, "it is entirely speculative whether an inmate will actually obtain parole inasmuch as there is no right to be released on parole." Madison, 104 F.3d at 768 (citation omitted). Because petitioner has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam); see also Johnson v. Rodriguez, 110 F.3d 299, 308 ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). Even if a parole board fails to comply with applicable rules and guidelines, a prisoner's custody is not necessarily illegal. See Brown v. Lundgren, 528 F.2d 1050, 1052-53 (5th Cir. 1976) ("[T]he mere expectation of parole release while still in otherwise lawful custody is not so vested as to result in a 'grievous loss' if denied by the parole board.").

It is respectfully recommended that because there is no constitutional right to parole in Texas, petitioner has failed to state a claim which entitles him to federal habeas relief.

**C.      Petitioner's Claim is Conclusory and Lacks Merit.**

Alternatively, even if petitioner could establish a constitutional right to a correct parole decision, his claim that the parole decision breached the plea bargain agreement, and thus he is unlawfully incarcerated, is conclusory and without merit.

**1.      Standard of Review for Plea Agreement Claims.**

The Supreme Court has determined that "[a] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by ... misrepresentation (including unfulfilled or unfulfillable promises)." Brady v. United States, 397 U.S. 742, 755 (1970) (quotation omitted). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). The Fifth Circuit has explained that "[a] situation in which a defendant is induced by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty does not meet the standard of voluntariness articulated by the Supreme

11

Court. Such renders a plea involuntary." United States v. Amaya, 111 F.3d 386, 389 (5th Cir. 1997). This Court "must interpret the plea agreement like a contract, in accord with what the parties intended." United States v. Bond, 414 F.3d 542, 545 (5th Cir. 2005).

Petitioner must be able to prove the existence of an allegedly broken agreement. Bonvillain v. Blackburn, 780 F.2d 1248, 1251 (5th Cir. 1986) (citation omitted). In order for this Court to grant a writ of habeas corpus, he must prove: "1) exactly what the terms of the promise were; 2) exactly when, where, and by whom such a promise was made; and 3) the precise identity of an eyewitness to the promise." Hayes v. Maggio, 699 F.2d 198, 203 (5th Cir. 1983) (citing Blackledge v. Allison, 431 U.S. 63, 76 (1977)). In addition, to prevail on a request for an evidentiary hearing, petitioner must also present "'independent indicia of the likely merit of [his] contentions.'" Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989) (quotations omitted). The Fifth Circuit has explained that "[s]uch indicia may include an affidavit from a reliable third party." Id. (citation omitted). "A court sitting in habeas review should not ... lightly find misrepresentation in a plea agreement." Montoya v. Johnson, 226 F.3d 399, 406 (5th Cir. 2000). "The various advantages of the plea bargaining system 'can be secured ... only if dispositions by guilty plea are accorded a great measure of finality.'" Id. (quoting

12

Blackledge, 431 U.S. at 71).  In order to obtain federal habeas relief, pursuant to

AEDPA, petitioner must also prove that the state court's finding that the plea

agreement did not contain a breached promise was unreasonable.  Id. at 405.

### 2.    Petitioner Fails to Prove The Existence of a Promise.

Petitioner alleges that pursuant to the plea bargain agreement, the state

agreed to delete an affirmative finding regarding the use of a weapon.  (D.E. 1, at

9-10; D.E. 23, at 3).  Petitioner's plea bargain agreement does not specifically

contain any reference to the use of a weapon.  See Ex parte Petrus, WR-46,893-01,

at 45-46.  Petitioner admits that the stipulation and the judgment also do not

contain an affirmative weapon finding.  (D.E. 23, at 7).  However, pursuant to the

agreement, he pleaded guilty to aggravated sexual assault.  The Texas Penal Code

defines aggravated sexual assault to include an offense in which the person "uses

or exhibits a deadly weapon in the course of the same criminal episode."  Tex. Pen.

Code Ann. § 22.021(2)(A)(iv) (Vernon Supp. 2004-2005).  When petitioner was

denied parole in January 2005, the State of Texas Board of Pardons and Paroles

stated:

> You have been denied parole for the reason(s)
> listed below:
>
> 2D.    THE RECORD INDICATES THAT THE
>        INMATE COMMITTED ONE OR MORE
>        VIOLENT CRIMINAL ACTS INDICATING A

13

CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS; THE INSTANT OFFENSE OR PATTERN OF CRIMINAL ACTIVITY HAS ELEMENTS OF BRUTALITY, VIOLENCE, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY SUCH THAT THE INMATE POSES AN UNDUE THREAT TO THE PUBLIC; THE RECORD INDICATES USE OF A WEAPON.

Ex parte Petrus, App. No. WR-46,893-03, at 15.[1]

Petitioner has not presented to this court the exact terms of the agreement he alleges to have made with the prosecutor.  While he states that an affirmative finding regarding a weapon was to be deleted from the plea agreement, the agreement itself does not contain an affirmative finding regarding a weapon, nor is there mention of a weapon anywhere else in the record before this Court. Petitioner has not stated who promised that such a finding would be deleted, or even when and where the promise was made.  Furthermore, he has not presented

---

[1] Petitioner has failed to show the Court that the Texas Board of Pardons and Paroles even considered the possible use of a weapon in making his parole determination.  The quoted language is a boilerplate statement used by the Board when specifying the grounds for parole decisions.  See http://www.tdcj.state.tx.us/bpp/what_is_parole/Presentation_7-1-05.pdf, at page 9 of 13.  Furthermore, the Board notes that "[o]ne or more of the components indicated in each paragraph listed below may apply, but only one is required for approval (A) or denial (D)."  Id. (emphasis added).  Petitioner has not presented the Court with any reason why the Board's use of the boilerplate approval or denial language is inconsistent with his constitutional rights such that it warrants federal habeas relief.  The propriety of the Board's procedures pursuant to Texas law also does not present a cognizable claim for habeas relief.  See Beazley v. Johnson, 242 F.3d 248, 261 (5th Cir. 2001) ("[P]roper interpretation of state law is not cognizable in federal habeas proceedings.") (emphasis in original).

this Court with the name of any eyewitness who was present when the promise was made.  He has failed to provide any evidence, other than his own allegations, that such a promise ever existed.  Petitioner is required to show the Court that his contention has merit, but has failed to do so.  See Harmason, 888 F.2d at 1529.  He has presented this Court with only a conclusory allegation of a constitutional violation, which is insufficient to warrant habeas relief.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (quotation omitted).  Finally, petitioner has failed to show that the state court's adjudication of his claim was contrary to federal law or unreasonable.

For the foregoing reasons, it is respectfully recommended that petitioner's claim that the state made a promise to him regarding a weapon finding, pursuant to the plea bargain agreement, is conclusory and without merit.

## D.    Petitioner's Request for an Evidentiary Hearing.

In his response to respondent's Motion for Summary Judgment, petitioner requests that the Court grant him an evidentiary hearing.  (D.E. 23, at 2).  However, he has failed to present evidence sufficient to prove he is entitled to an evidentiary hearing.  A petitioner who claims that a promise made pursuant to a

15

plea agreement has been breached must present some evidence supporting his claim.  <u>Harmason</u>, 888 F.2d at 1529 (5th Cir. 1989) (quotations omitted).  "Such indicia may include an affidavit from a reliable third party."  <u>Id.</u> (citation omitted). The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required <u>only</u> when, *inter alia*, the record reveals a genuine factual dispute."  <u>Tague v. Puckett</u>, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); <u>see</u> <u>also</u> <u>Murphy v. Johnson</u>, 205 F.3d 809, 815 (5th Cir. 2000) (discussing basis for evidentiary hearing).

It is respectfully recommended that petitioner has not presented indicia of the merit of his contentions, and that there is no genuine factual dispute that would warrant an evidentiary hearing.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may <u>sua</u> <u>sponte</u> rule on a certificate of appealability because "the district court that denies a petitioner

16

relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on

would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard

requires a § 2254 petitioner to demonstrate that reasonable jurists could debate

whether the motion should have been resolved differently, or that the issues

presented deserved encouragement to proceed further.  United States v. Jones, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a

petitioner must show both that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 18), be granted, and that petitioner's petition for writ of habeas corpus be dismissed with prejudice.  It is respectfully recommended that petitioner's request for an evidentiary hearing, (D.E. 23, at 2), be denied.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 24th day of January 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

18

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

19